OPINION
On September 5, 1997, the Richland County Court of Common Pleas filed a judgment entry of settlement resolving all issues in this case. Said judgment entry provided that both Appellants Brett and Helen Reed and Appellees Dream Homes, Inc. ("Dream Homes") and Marvin McQuate would perform certain tasks to complete their obligations under the terms of their contract. No appeal was filed from this judgment entry.
On December 30, 1997, the trial court filed a judgment entry granting Dream Homes a thirty-day extension of time to complete the construction project as required by the settlement entry of September 5, 1997. In addition to granting a thirty-day extension, the trial court ordered Dream Homes to pay the sum of five hundred dollars as compensation for the delay in the completion of the construction.
On April 28, 1998, the trial court held a status conference and hearing. This hearing was at the request of Appellee Dream Homes, concerning the settlement issues remaining in this case. On April 29, 1998, the trial court filed its third judgment entry based on the information that came forth at the status conference and the subsequent hearing. It is from this judgment entry that appellants appeal and set forth the following assignment of error for our consideration.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ISSUING A JUDGMENT ENTRY WITHOUT ANY EVIDENCE BEING TAKEN WITH WHICH TO SUPPORT ITS JUDGMENT.
Appellants maintain there was no motion before the trial court and therefore, there was no justiciable case or controversy before it. Appellants further argue that since there was no testimony, the trial court's judgment entry is against the manifest weight of the evidence.
We disagree. The judgment entry of the trial court states that the matter came before it on a status conference and hearing conducted on April 28, 1998, at the request of Appellee Dream Homes. The trial court, even without request of counsel, can schedule a status conference or hearing. Appellants cite no authority that prevents a trial court from scheduling a hearing or status conference on its own initiative.
As to the manifest weight of the evidence issue, once the trial court conducts a hearing, it is incumbent upon the party appealing to present the trial court with a copy of the record of such hearing so that it can review the evidence or lack thereof. Without the benefit of the record, this Court must presume regularity. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Further, there being no App.R. 9(C) statement filed by appellants, we cannot review the accuracy of appellants' claims of lack of evidence or testimony on that basis either. This Court must therefore affirm the judgment of the trial court.
Appellants' sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.